UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>Plaintiff,<br><br>v.<br><br>JUDY CARTER, et al.,<br><br>Defendants. | No. 2:21-cv-00929 JAM CKD PS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff initiated this action with a pro se complaint filed on May 21, 2021. This matter was referred to the undersigned by Local Rule 302(c)(21).

Plaintiff has filed an application in support of a request to proceed in forma pauperis. (ECF No. 2.) The application makes the showing required by 28 U.S.C. § 1915. The request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding and must dismiss the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

I. ALLEGATIONS IN THE COMPLAINT

Plaintiff Kimberly R. Olson is a disabled recipient of In Home Supportive Services ("IHSS") administered by the County of Siskiyou in California. Defendants are Judy Carter, Dawn Caveye, and the Adult and Children's Services Department ("ACSD") of Siskiyou County. Carter and Caveye are social workers; Caveye is Carter's supervisor.

Plaintiff has been a qualified recipient of IHSS services in Siskiyou County since 2007. Plaintiff alleges that she learned in mid-2019 that defendants Caveye and Carter had jointly agreed and cooperated to reduce her IHSS benefits. Specifically, plaintiff lost an extra 30 minutes of vested IHSS laundry service time that an administrative law judge had awarded in 2007. Plaintiff further alleges Carter violated her rights during a December 22, 2020 reassessment of plaintiff's IHSS qualifications. Thereafter, Caveye told plaintiff her hours were being reduced because she was "not disabled enough." Caveye later stated in writing that plaintiff's benefits were being reduced because plaintiff had sought administrative review of prior negative actions taken by Caveye pertaining to plaintiff's benefits.

The complaint identifies the following causes of action:

1. First Amendment
2. Due Process
3. Equal Protection
4. Conspiracy to Interfere with Rights (42 U.S.C. §§ 1985(3), 1986)
5. Medicaid Act (42 U.S.C. § 1396a et seq.)
6. Americans with Disabilities Act (42 U.S.C. § 12132)
7. Section 504 of the Rehabilitation Act
8. State Law Willful or Negligent Infliction of Emotional Distress
9. California Civil Code § 52.1

Plaintiff seeks declaratory judgment, injunctive relief and damages.

II. PLEADING STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

2

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. The sheer possibility that a defendant acted unlawfully is not sufficient to state a claim, and mere consistency with liability falls short of satisfying the plausibility standard. See Id.; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### III. THE COMPLAINT FAILS TO STATE A CLAIM

**A. The complaint is conclusory and lacks factual specificity.**

The complaint does not contain sufficient factual allegations to state a valid federal claim for relief. In order to state a claim for relief, a plaintiff must link the defendants to the harm suffered by setting forth the specific actions or omissions of those defendants that plausibly show they are liable for the alleged violations. Plaintiff's legal conclusions about the defendants' conduct do not suffice to state a claim because legal conclusions are not taken as true in the same way that well-pleaded factual allegations are taken as true.

Although the complaint must be dismissed, plaintiff will be granted leave to file an amended complaint with additional factual allegations. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). When dismissing a complaint with leave to amend, a court should briefly explain a pro se litigant's pleading deficiencies. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, the court provides the following legal standards and explanation.

**B. Pleading Standard for Claims brought under 42 U.S.C. § 1983**

Several of plaintiff's claims are brought under 42 U.S.C. § 1983. A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of her "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; Monell v. Dep't of Social Servs., 436 U.S. 658, 690-95 (1978). Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

**C. First Amendment**

Plaintiff alleges that her First Amendment rights to free speech and petitioning were violated when defendants retaliated against her. The First Amendment forbids government officials from retaliating against individuals for speaking out. Hartman v. Moore, 547 U.S. 250, 256 (2006). To recover under section 1983 for retaliation in violation of the First Amendment, a plaintiff must establish the following: (1) she engaged in constitutionally protected activity; (2) as a result, she was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir. 2010).

Plaintiff alleges that defendants reduced her benefits and concludes that such conduct was predicated on their resentment, animosity, malice, and desire for retaliation. But this allegation is merely a legal conclusion. In other words, plaintiff concludes that defendants retaliated against her but she does not set forth adequate details of her protected activity, the adverse action suffered, the specific acts or omissions taken by defendants, or any facts that suggest a causal relationship between the constitutionally protected activity and the adverse action.

As for factual allegations arguably supporting a retaliation claim, plaintiff alleges Caveye stated in writing that Caveye sought to reduce plaintiff's benefits following an administrative

review brought by plaintiff. While bringing an administrative review action would be a protected activity, plaintiff does not provide details such as the timing and outcome of the administrative review, in what document and in what context Caveye wrote that she sought to reduce plaintiff's benefits because of the administrative review, or what actions or omissions Caveye actually took that resulted in the reduction of plaintiff's IHSS hours. Without additional factual specificity, a retaliation claim is not cognizable. See Iqbal, 556 U.S. at 678 (a claim has the requisite facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged); Twombly, 550 U.S. at 555-57 (a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

**D.  Procedural Due Process**

In order to state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege the following: (1) a deprivation of a constitutionally protected liberty or property interest and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Matthews v. Eldridge, 424 U.S. 319, 333 (1976). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Id. at 334.

Plaintiff alleges defendants violated her right to procedural due process when they "fail[ed] to provide adequate notice and opportunity for hearing prior to depriving [her] of critical IHSS services, and… during reevaluations made by in-person and/or phone interviews[.]" (ECF No. 1 at 7.) These allegations fail to state a procedural due process claim.

"The procedural component of the Due Process Clause does not protect everything that might be described as a benefit: To have a property interest in a benefit, a person must have more than an abstract need or desire and 'more than a unilateral expectation of it; instead there must be a legitimate claim of entitlement to it. Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 756 (2005). Such entitlements are created and defined by existing rules or understandings that stem from an independent source such as state law. Id. "A benefit is not a protected entitlement if

government officials may grant or deny it in their discretion." Id. "[C]onsideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." Goldberg v. Kelly, 397 U.S. 254, 263 (1970).

"[M]ultiple courts have found that beneficiaries have 'a constitutionally protected property interest in Medicaid benefits.'" Indep. Living Ctr. of S. California v. Kent, No. 2:08-cv-03315 CAS MAN X, 2019 WL 3717793, at *7 (C.D. Cal. Aug. 6, 2019), citing Lewis v. Rendell, 501 F. Supp. 2d 671, 692 (E.D. Pa. 2007); see also, e.g., Goldberg v. Kelly, 397 U.S. 254, 262 (1970) (holding that eligible individuals receiving welfare benefits have a constitutionally protected property interest in such benefits) However, plaintiff does not allege she had a constitutionally protected property interest in the weekly "extra" 30 minutes of transportation time for laundry, which is the only specific benefit the complaint identifies as being reduced. Plaintiff does not assert whether she met or continued to meet the criteria for eligibility or on what basis she was entitled to continue receiving this benefit. It is additionally not clear whether any defendant made a discretionary decision that caused plaintiff's benefits to be reduced or whether defendants were carrying out non-discretionary functions.

Plaintiff further does not allege a lack of adherence to established administrative procedures by identifying any procedures to which she was entitled but did not receive. As set forth below, under Medicaid's statutory scheme and regulations, plaintiff was entitled to notice and an opportunity for a hearing at the time of an adverse action affecting her claim, but not prior to that time, see 42 U.S.C. § 1396a(a)(3); 42 C.F.R. § 431.206(b)-(c)(2), and plaintiff's allegations suggest she did receive notice at the time of the adverse action and a subsequent opportunity for a hearing. In sum, merely stating that a due process violation occurred is conclusory and does not suffice to state a valid claim.

### E. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated people be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).

Equal protection requirements restrict state legislative action that is inconsistent with bedrock constitutional guarantees such as equality in treatment. See Obergefell v. Hodges, 576 U.S. 644, 673-74 (2015). An equal protection claim is established when a plaintiff shows she was treated differently than other similarly situated people on the basis of a suspect classification. City of Cleburne, 473 U.S. at 439-40. To prevail on an equal protection claim on a theory of class-of-one, plaintiff must show she has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

The complaint does not include factual allegations that plaintiff was treated differently from other people with whom she was similarly situated and that there was no rational basis for the difference in treatment. Plaintiff's mere allegation that defendants discriminated against her as a "class of one" is a legal conclusion. To state a claim as a class of one, a plaintiff must articulate to whom she is similarly situated to and how they are similar. See McCollum v. California Dept. Of Corrections and Rehabilitation, 647 F.3d 870, 880-81 (9th Cir. 2011); see also Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-57 (a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

### F.  Conspiracy under 42 U.S.C. §§ 1985(3), 1986

"A plaintiff alleging a conspiracy under [42 U.S.C.] § 1985(3) must establish: [1] the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; [2] an act in furtherance of the conspiracy; [3] and a resulting injury." Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998) (citation omitted). A racial, or other class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-69 (1993); Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir.2001). "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n. 7 (9th Cir.1994).

Plaintiff does not allege a racial or other class-based invidiously discriminatory animus. Thus, the allegations do not support a claim under sections 1985(3) and 1986.

### G. Medicaid Act (42 U.S.C. § 1396a)

Courts in the Ninth Circuit have recognized "[s]ome requirements under the Medicaid Act may confer private rights enforceable under § 1983, while others do not." E.g., AlohaCare v. Hawaii, Dept. of Human Services, 567 F.Supp.2d 1238, 1252 (D. Hawaii 2008); Watson v. Weeks, 436 F.3d 1152, 1157-60 (9th Cir. 2006). Injunctive relief may be applied to state officials whose actions derogate federal Medicaid laws and regulations. See Smith v. Miller, 665 F.2d 172, 174-75. (7th Cir. 1981).

Here, plaintiff identifies subsections (a)(3), (a)10), and (a)(17) of 42 U.S.C. § 1396a(a) as the specific rights of the Medicaid Act that she seeks to enforce. It appears that section 1396(a)(3) confers a private right of action. K.W. ex rel. D.W. v. Armstrong, 789 F.3d 962, 971, n.3 (9th Cir. 2015) ("We assume, without deciding, that there is a private right of action under section 1983 to enforce the fair hearing requirements of [section 1396a(a)(3) of] the Medicaid Act."); Gean v. Hattaway, 330 F.3d 758, 772-73 (6th Cir. 2003) (holding that section 1396a(a)(3) creates a right enforceable by section 1983). In addition, the Ninth Circuit has held that section 1396a(a)(10) creates a private right of action for Medicaid beneficiaries. See Watson, 436 F.3d at 1159. Section 1396a(a)(17), however, does not. Id. at 1162-63.

### 1. 42 U.S.C. § 1396a(a)(3)

The fair hearing requirements of the Medicaid Act are defined both by statute and by regulation. The Medicaid Act requires that "[a] State plan for medical assistance must... provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied." 42 U.S.C. § 1396a(a)(3). Medicaid regulations, in turn, require state agencies to provide notice to participants of their right to a hearing under some circumstances. See 42 C.F.R. § 431.206. The regulations provide that an agency must "inform every applicant or beneficiary in writing... [o]f his right to a hearing... [a]t the time of any action affecting his or her claim." Id. § 431.206(b)-(c)(2). The notice must contain, among other information, "[t]he reasons for the intended action." Id. § 431.210(b). The regulations define an "action" as a "termination, suspension, or reduction of Medicaid eligibility or covered services," or other specified adverse determinations. Id. § 431.201.

Plaintiff alleges defendants "fail[ed] to provide adequate notice and opportunity for hearing prior to depriving Plaintiff of critical IHSS services, and due process during reevaluations made by in-person and/or phone interviews[.]" (ECF No. 1 at 7.) Although this allegation is insufficient to state a claim because it is vague and conclusory, it further appears to suggest that plaintiff was afforded a hearing after being notified the County was taking an action to reduce her Medicaid eligibility or covered services. Significantly, plaintiff was entitled to notice and an opportunity for a hearing at the time of the action affecting her claim, but not prior to receiving notice of such an action. See 42 U.S.C. § 1396a(a)(3); 42 C.F.R. § 431.206(b)-(c)(2). Under these circumstances, without additional factual allegations, plaintiff has not stated a claim for a violation of the fair hearing requirements of the Medicaid Act.

**2. 42 U.S.C. § 1396a(a)(10)**

Plaintiff alleges defendants' actions violated 42 U.S.C. § 1396a(a)(10)(B)(i) because they "will provide domestic and related IHSS services to some Medicaid recipients, while denying the same services to Plaintiff as an IHSS recipient who has comparable needs, based on criteria that are not a rational measure of need." (ECF No. 1 at 14.) Plaintiff alleges defendants based their decision on their "subjective opinions; policy, custom, and practice of discrimination; and, hostility towards Plaintiff[.]" (Id.)

"Under § 1396(a)(10), a state Medicaid program must provide certain mandatory categories of 'medical assistance' to eligible individuals, and this section creates a private right of action enforceable under 42 U.S.C. § 1983." Sherrill v. Arizona Health Care Cost Containment System, No. CV-13-00195-TUC-JGZ, 2014 WL 11662975, at *3 (D. Ariz. July 17, 2014), citing Watson, 436 F.3d at 1155. To state a claim under section 1396a(a)(10)(A), a plaintiff must show she is eligible to participate in her state plan for medical assistance and that it failed to make "...medical assistance available [to her], including at least the care and services listed in paragraphs (1) through (5), (17), (21), and (28) of section 1396d(a) of this title." Sherrill, 2014 WL 11662975, at *2, citing 42 U.S.C. § 1396a(a)(10)(A).

Section 1396a(a)(10)(B), which is the subsection that plaintiff seeks to enforce, generally provides the medical assistance described in subparagraph (A) shall not be less in "amount,

1  duration, or scope" than the medical assistance made available to others. See 42 U.S.C. §
2  1396a(a)(10)(B). In order to state a claim under § 1396a(10)(B), a plaintiff's allegations must
3  show that "other eligible, similarly situated individuals [received] Medicaid services that
4  Plaintiff[ ] [was] denied." Sherrill, 2014 WL 11662975, at *2 (citing Gaines v. Hadi, 06-60129-
5  civ-SEITZMC, 2006 WL 6035742, at 25 (S. D. Fla. Jan. 30, 2006)).

6  First, plaintiff does not allege what medical assistance described in paragraphs (1) through
7  (5), (17), (21), or (28) of 42 U.S.C. § 1396d(a) is at issue. In addition, although plaintiff alleges
8  that other IHSS Medicaid recipients are receiving services that plaintiff, who has comparable
9  needs, is being denied, there are no factual allegations in the complaint that support such a claim.
10 Even assuming that plaintiff is alleging that other recipients with comparable needs are similarly
11 situated to her, this allegation is too conclusory to state a claim without any additional supporting
12 facts. See Gaines, 2006 WL 6035742, at 25-26 (finding the plaintiffs failed to state a claim under
13 42 U.S.C. § 1396a(a)(10)(B) where they did not allege any factual basis for their contention that
14 others were receiving benefits that the plaintiffs were denied); see also Iqbal, 556 U.S. at 678;
15 Twombly, 550 U.S. at 555-57.

16 **H.  Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA")**

17 Title II of the ADA provides that "no qualified individual with a disability shall, by
18 reason of such disability, be excluded from participation in or be denied the benefits of the
19 services, programs, or activities of a public entity, or be subjected to discrimination by any such
20 entity." 42 U.S.C. § 12132. "To prove a public program or service violates Title II of the ADA, a
21 plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded
22 from participation in or denied the benefits of a public entity's services, programs or activities, or
23 was otherwise discriminated against by the public entity; and (3) such exclusion, denial of
24 benefits, or discrimination was by reason of his disability." Weinreich v. Los Angeles County
25 Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132).
26 The proper defendant in an ADA action is a public entity. Vinson v. Thomas, 288 F.3d 1145,
27 1155-56 (9th Cir. 2002).
28 ////

10

Section 504 of the Rehabilitation Act of 1973 similarly provides:

> No otherwise qualified individual with a disability in the United States... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794(a). A cause of action under section 504 of the RA essentially parallels an ADA cause of action. See Olmstead v. Zimring, 527 U.S. 581, 590 (1999); Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff alleges she is severely disabled and that she was denied reasonable accommodation of access to benefits on the basis of her disability. These allegations suggest a possibility that plaintiff was discriminated against by reason of her disability, but the complaint does not contain any additional supporting facts for a cause of action under the ADA or the RA. Plaintiff does not set forth any non-conclusory factual allegations that she was excluded from participation in or denied the benefits of IHSS services because of a disability. As with several other intended claims, plaintiff uses only conclusory language in attempting to state a claim under the ADA and the RA and the resulting allegations pleaded amount to no more than a recital of the elements of the cause of action. Thus, there are insufficient factual allegations linking the named individual defendants to the harm suffered in order to state a claim to relief that is plausible on its face. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-57.

**I. State Law Claims**

Because the complaint does not state a cognizable federal claim, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims at this time. See 28 U.S.C. § 1367(c); United Mine Workers of America, Inc. v. Gibbs, 383 U.S. 715, 726 (1966) (holding that a federal district court should not exercise discretionary jurisdiction over pendant state claims after the federal claims are dismissed).

**J. Guidelines for an Amended Complaint**

The complaint must be dismissed because it does not state a valid claim for relief. Because it is not absolutely clear that no amendment could cure the defect, plaintiff is granted leave to file an amended complaint. See Lucas, 66 F.3d at 248.

11

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint" and shall contain a "short and plain statement" of the claim[s] showing the basis on which plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). In order to state a claim, plaintiff must allege with some degree of particularity the specific acts each defendant engaged in that support plaintiff's claims. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff is informed that Local Rule 220 requires an amended complaint to be complete in and of itself without reference to any prior pleading. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  July 22, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.olson.21cv929.screen